UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CASE NO. 1:20-CR-328 |
| | ) | 1:22-CV-1394 |
| | ) | |
| Plaintiff/Respondent, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Carl Testerman, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant/Petitioner. | ) | |

**Introduction**

This matter is before the Court upon defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Doc. 89). For the following reasons, the motion is DENIED.

**Facts**

On February 17, 2021, defendant pled guilty pursuant to a written plea agreement to four counts of an indictment relating to the distribution of heroin and methamphetamine: Conspiracy to Possess with the Intent to Distribute and Distribute Controlled Substances,

1

Possession with Intent to Distribute a Controlled Substance, Felon in Possession of Firearm and Ammunition, and Possessing a Firearm in Furtherance of a Drug Trafficking Crime. Defendant was sentenced to a total of 160 months imprisonment, followed by three years of supervised release. He did not appeal.

Now pending before the Court is defendant's Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence. He asserts that he was denied effective assistance of counsel in violation of his rights under the Sixth Amendment of the Constitution. The allegations in the motion relate only to the last count of his conviction, Possessing a Firearm in Furtherance of a Drug Trafficking Crime (hereafter, the section 924(c) charge or conviction).

**Standard of Review**

28 U.S.C. § 2255 provides a prisoner in federal custody a remedy to collaterally attack his sentence on the ground that it was imposed in violation of the Constitution or laws of the United States. A prisoner may move to vacate, set aside or correct his sentence upon the basis that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. To warrant relief under the statute because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (citation omitted); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005).

**Discussion**

Defendant asserts that his counsel was ineffective in two ways.  First, he asserts that his counsel failed to file a timely notice of appeal on the section 924(c) charge despite defendant's clearly expressed interest in appealing that conviction.  Second, he asserts that his counsel provided deficient assistance during the plea bargaining process.  He implies that his plea was not voluntary because his counsel "made false assurances" that convinced him to accept the plea bargain.

To establish a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 88, 694 (1984).  Defendant fails to satisfy the *Strickland* standard.

To demonstrate that counsel rendered ineffective assistance by not filing a direct appeal, a defendant may show that counsel either  "disregard[ed] specific instructions . . . to file a notice of appeal, "or failed to consult with him about an appeal when counsel knew or should have known that he might want to appeal.  *Roe v. Flores-Ortega,* 528 U.S. 470, 477, 480 (2000).  The Supreme Court explained that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480.

Defendant states that his counsel "fail[ed] to file a notice of appeal when requested." (Doc. 89, p. 623).  However, neither his supporting facts nor his affidavit assert that he gave

his counsel specific instructions to file a notice of appeal.[1]  Instead, he argues that his counsel failed to consult with him despite a "clear indicator" that he wished to appeal. (Doc. 89-1, p. 638).  In his reply brief, defendant submits an affidavit. However, he avers only that he "had an issue" with the section 924(c) charge prior to accepting the plea bargain, and "constantly badgered" his counsel about that conviction. (Doc. 104-1 at 2).  He also avers that his counsel "gave me the impression that it would be addressed at the appellate portion of my case," and that he "reached out to counsel numerous times [after sentencing] but was unable to reach him, and he never contacted me after sentencing."[2]  (*Id*.). He concludes his affidavit with the statement, "I was not happy with the results of the sentencing and especially with the sec. 924(c) conviction." (*Id*.) (emphasis in original).

Even though the defendant did not explicitly instruct his counsel to file an appeal, he can still succeed on his § 2255 claim by proving that counsel failed to consult with him about an appeal. *Flores-Ortega,* 528 U.S. at 478.  It is undisputed that, subsequent to the sentencing, counsel did not discuss an appeal with defendant. Under *Flores-Ortega*, the absence of such consultation constitutes deficient performance "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds

---

[1] The government states that it spoke with defendant's attorney, Michael Goldberg, and relates the discussion.  But the Court does not have an affidavit or other written evidence of the discussion and, therefore, has not considered that conversation.

[2] Defendant fails to provide any details regarding how he "reached out" to counsel. In his petition, defendant asserts that his counsel "dis-associated himself with the petitioner and would not take his calls." (Doc. 89-1, p. 638).  However, he does not assert that he left any messages, nor describe these attempted communications in any further detail.

for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id*. at 480.  These considerations include whether the conviction follows a guilty plea "both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings," and if so, whether the petitioner "received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights." *Id., see also Jenkins v. United States*, 2019 WL 3081074, at *4 (E.D. Mich. July 15, 2019) ("To determine whether these circumstances are present in this case, courts must consider all relevant factors such as whether the defendant pleaded guilty and whether the defendant received a much longer sentence than anticipated.").

The written plea agreement contained no agreement regarding the sentence, and defendant waived the right to challenge most aspects of his conviction, including the right to appeal under 18 U.S.C. § 3742. (Doc. 43, p. 127, 129-30).  Further, defendant admitted the facts underlying the section 924(c) charge, as set forth in the plea agreement, during his plea colloquy and by signing his agreement.  Courts have recognized that where the defendant pleads guilty and waives his right to appeal, a subsequent failure to discuss an appeal does not constitute deficient performance. *See Wright v. United States*, 320 F. App'x 421, 425 (6th Cir. 2009) (holding that petitioner "failed to show that there was reason for his counsel to think that [he] would have wanted to appeal" when he pled guilty and waived his rights to appeal); *United States v. Peacock*, 2019 WL 1379976, at *5 (E.D. Mich. Mar. 27, 2019) (counsel did not have a duty to consult with petitioner regarding filing an appeal when defendant waived his right to appeal unless his sentence exceeded the top of the guideline range and he was

5

sentenced well below the range).

Defendant asserts that his counsel should have inferred his desire to appeal from the fact that he was not happy with the sentence. But the Court agrees with the government that defendant did not demonstrate his interest in appealing and there were no non-frivolous grounds for appeal. For these reasons, defendant's claim of ineffective assistance of counsel fails on the basis that no appeal was filed.

Defendant also asserts that his counsel provided deficient assistance during the plea bargaining process because he gave him false assurances that his "issue" with the section 924(c) conviction would be "addressed either at sentencing or at the Appellate Process." (Doc. 89-1, p. 644). This claim is contradicted by the record. The transcript of the sentencing hearing shows that his counsel did address defendant's "Section 924(c) objections" at that time:

> I'd point out, Your Honor, he pled guilty to the 924(c), and he's not -- I'm not arguing he's not guilty of that. He did have firearms and they were stored with the drugs in this case.
>
> I'd ask the Court to look at that situation where these firearms were stored, and they were not loaded. They were locked up in a safe. I mean, there's been some case law authority saying that, you know, that's not quite in connection with, but we weren't going to try that, we weren't going to go to trial, you know, just for that issue.
>
> We needed to do a global resolution of this case so he pled to it, but it's certainly, certainly not the most serious form of that offense, as I don't think there's any allegation that he carried a firearm during the course of any of the drug offenses. It was, rather, locked up in a safe.

(Doc. 88, p. 588-89).

To the extent that defendant is asserting that his plea was not knowing and voluntary,

6

the Court notes that he asserted otherwise at both his change of plea and sentencing hearings. (Doc. 99, 88). Defendant fails to show deficient performance or prejudice and, therefore, this claim fails.[3]

### Conclusion

For the foregoing reasons, defendant's Motion to Vacate Under Section 2255 is denied. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

Dated: 5/4/23

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Chief Judge

---

[3] For the reasons discussed herein, the Court concludes that Defendant's request for an evidentiary hearing is denied.